UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | )<br>)<br>) | No. 6:22-CR-31-REW-HAI-01 |
| v. | )<br>) | |
| KEVIN GRUBB, | ) | ORDER |
| Defendant. | )<br>)<br>) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 47 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Kevin Grubb's guilty plea and adjudge him guilty of Counts 1 and 3 listed in the Indictment (DE 1). *See* DE 49 (Recommendation); *see also* DE 50 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 49 at 2-3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 49, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Counts 1 and 3 listed in the Indictment (DE 1);

2. The Court **CANCELS** the jury trial, if any were set, in this matter; and

3. The Court will issue a separate sentencing order.[1]

This the 14th day of September, 2022.

Signed By:
*Robert E. Wier*
United States District Judge

---

[1] At the close of the hearing, Judge Ingram released Grubb, subject to conditions of release. *See* DE 47; *see also* DE 41 (Order Setting Conditions of Release). No party has objected to Defendant's release status. The Court, thus, perceiving no contrary presumption under § 3143, sees no need to further address release or detention, at this time. Defendant shall remain on bond pending sentencing, subject to any intervening order.